IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3-13-00125 |
| v. | ) | |
| | ) | |
| AARON L. OSBORNE | ) | |

O R D E R

The defendant's motion to permit travel (Docket Entry No. 50) is GRANTED.

The parties essentially disagree about the meaning of the condition of the defendant's release requiring that he surrender his passport to Pretrial Services. See order entered July 19, 2013 (Docket Entry No. 10). The government suggests that the condition was designed to limit the defendant's travel to the United States. The defendant suggests that the condition was designed to prohibit his travel outside the United States without the knowledge of Pretrial Services. The Court's memory of the rationale of the condition at issue is not nearly as clear as the parties' apparent respective memory. The Court's memory is that the condition was suggested and agreed to without any discussion of the rationale at all.

The defendant was released over a year ago and there has been nothing to indicate that the defendant is a risk of flight or danger to the community or that he has not complied with the minimal conditions of his release. The government acknowledges that the defendant is not a risk of flight, but suggests that travel outside the United States is somehow not appropriate.

While the defendant has not presented any justification for his travel to St. Maarten other than simply to take a Caribbean vacation, there is nothing of record that suggests to the Court that taking a one week Caribbean vacation would increase either the defendant's risk of flight or danger to the community.

The government expresses concern that the defendant may not be eligible for court-appointed counsel if he can afford a Caribbean vacation. Although the government may have a valid reason to question whether he is eligible for appointed counsel or whether he should contribute to the cost

of his defense, the Court does not have sufficient information to address that issue. Most importantly, that issue is separate and apart from the issue of whether he should travel outside the United States in the first place.

Pretrial Services shall return the defendant's passport to him so that he can travel from December 13, 2014, through December 20, 2014. The defendant shall promptly re-surrender his passport to Pretrial Services upon his return to this country.

The defendant shall also provide Pretrial Services with an itinerary of exactly when he will leave and return and where he will be staying while he is out of the country.

Any party aggrieved by this order may seek review as provided in 18 U.S.C. § 3145.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge